UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| KIM REGINA LUMBRA, O/B/O KENNETH LUMBRA, SR., DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:25-CV-278 |

## OPINION AND ORDER

On August 21, 2025, Claimant brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security. [Doc. 1]. Upon consent of the parties pursuant to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment. [Doc. 16].

On August 22, 2025, Kenneth Lumbra died, and shortly thereafter Claimant filed a Motion to Substitute Party [Doc. 6], requesting the decedent's wife, Kim Regina Lumbra, be substituted as Claimant. The Court granted Claimant's motion. [Doc. 7].[1] On February 24, 2026, Claimant filed his brief, in which he contends that this matter should be remanded because the administrative law judge ("ALJ") erred by neglecting to account for the medical opinions of Dr. Morrison and PA Dansby. Specifically, he argues that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to account for the "total limiting effects" of Claimant's impairments pursuant to 20 C.F.R. §§ 404.1520c, 404.1545(e) by neglecting to evaluate the medical opinions of Dr. Morrison and PA

---

[1] Although Claimant's wife has now been substituted in his stead, the Court will still refer to Mr. Lumbra as Claimant for clarity of the record.

Dansby, and that the opinions of these providers are consistent with the longitudinal record. Claimant argues that proper evaluation of these opinions would have resulted in greater limitations in the ALJ's RFC due to Claimant's inability to maintain attention and concentration. [Doc. 17, p. 7].

The Commissioner filed a response, arguing that the ALJ supported his evaluation of the medical opinions and prior administrative medical findings with substantial evidence, and that the ALJ's RFC finding fully accounted for Claimant's impairments. [Doc. 22]. Specifically, the Commissioner argued that "[i]n finding Dr. Morrison's opinion 'mostly persuasive' and PA Dansby's opinion 'partially persuasive,' the ALJ complied with 20 C.F.R. § 404.1520c by addressing the required factors of supportability and consistency, and substantial evidence supports the ALJ's evaluations." [Doc. 22, p. 3].

Claimant then filed a Reply [Doc. 23], in which he argues that the Commissioner's response failed to address Claimant's argument that the ALJ did not properly account for Claimant's limited ability to maintain attention and concentration.

The Court then conducted a hearing in this matter by video on June 25, 2026, during which the Court addressed the parties' briefs. During the hearing, Erin McCluan, Esq. appeared and offered argument for Claimant and Shea Taulbee, Esq. appeared and offered argument for the Commissioner. The Court then set forth the applicable standard of review on the record and noted that the ruling issued by the Court was being made after full consideration of the parties' filings, counsel's oral arguments, and the record generated in this matter.

For reasons addressed extensively on the record during the hearing, the Court found that substantial evidence supported the ALJ's decision. However, the Court took under advisement the issue of whether the ALJ complied with applicable regulations in issuing her decision. Specifically, the Court determined that it was necessary to further review applicable case law to determine

whether the ALJ properly accounted for Claimant's moderate limitation in concentrating, persisting, or maintaining pace in formulating Claimant's RFC.

## I.     ANALYSIS

In addressing Claimant's ability to concentrate, persist, and maintain pace, the ALJ included in her RFC formulation that "[h]e can maintain attention and concentration on simple tasks for two-hour periods to complete an eight-hour workday and forty-hour workweek, with occasional interactions with coworkers, supervisor, and the general public." (Tr. 21). Claimant contends that the case of *Reeves v. Berryhill* demonstrates that the ALJ erred in reaching this conclusion while at the same time finding that Claimant had a moderate limitation in his ability to maintain concentration, persistence, and pace ("CPP"); however, a careful reading of the case does not support Claimant's position. *Reeves v. Berryhill,* No. 2:16-CV-00114, 2018 WL 1547856, at *3 (M.D. Tenn. Mar. 5, 2018) (citing *Cala v. Colvin*, 3:14-CV-01060, 2016 WL 270303, at *17 (M.D. Tenn., Jan 21, 2016); *Jaramillo v. Colvin*, 576 Fed.Appx. 870, 875-76 (10th Cir. 2014)) (emphasis added), *report and recommendation adopted*, No. 2:16-CV-00114, 2018 WL 1535462 (M.D. Tenn. Mar. 29, 2018). In that case, the ALJ found that the claimant had a moderate limitation in the ability to maintain CPP, and in formulating that claimant's RFC imposed no limitations on mental functioning. *Reeves v. Berryhill,* 2018 WL 1547856, at *2. Instead, the ALJ merely opined that the claimant could maintain concentration, persistence, and pace for two hours at a time during an eight-hour day. *Id.*  In the case at hand, while the ALJ made the same observation about Claimant's ability to maintain CPP for two hours at a time during a normal workday, the ALJ also specifically limited Claimant to being able to follow only simple instructions and engage in only simple tasks. Those limitations are the types of specific mental functioning limitations that the court found to be missing in *Reeves v. Berryhill. Id.* at 3. (Observing that "'[a] moderate impairment is not the same as no impairment at all. Instead, it supports the conclusion that the individual's capacity to perform the activity is impaired and therefore

must be related with sufficient precision in a dispositive hypothetical to a VE and in an RFC finding.'" (quoting *Jaramillo v. Colvin*, 576 Fed.Appx. at 875-76)).

This reading of *Reeves v. Berryhill* is in keeping with other precedent addressing this issue. For example, in *Kepke v. Comm'r of Soc. Sec.,* the court observed that "[c]ase law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Kepke v. Comm'r of Soc. Sec.,* 639 Fed.Appx. 625, 635 (6th Cir. 2016). *Johnson v. Comm'r of Soc. Sec.* also supports a conclusion that when specific mental limitations are assigned to a claimant who has been found by the ALJ to have moderate limitations in his or her ability to maintain CPP, the mere fact that the ALJ simultaneously observes that with the imposition of these limits that the claimant can perform work on a normal work schedule does not undermine the ALJ's RFC as to that claimant's ability to maintain CPP. *Johnson v. Comm'r of Soc. Sec.,* No. 1:19-CV-1024, 2021 WL 1085006 at *6-7 (W.D. Mich. March 22, 2021).

For the reasons stated on the record in detail in this matter, substantial evidence supported the ALJ's determination that Claimant was only moderately limited in his ability to maintain CPP, and that by limiting him to simple tasks requiring only simple instructions she adequately accounted for those limitations. While certain medical opinions were offered which would have supported the ALJ finding that Claimant was more limited, others would have supported a conclusion that he was less limited than she found him to be. In evaluating the ALJ's conclusions as to this issue, as noted on the record, the Court must keep in mind that the ALJ was entitled to a "zone of choice" if the facts could support a ruling either way. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Further, Claimant's own statements regarding his limitations in these areas were not entirely consistent with what he had reported to his medical providers. In issuing its oral ruling addressing

whether substantial evidence supported the ALJ's opinion, the Court provided extensive citations to the record as to each of these points.

## II.    CONCLUSION

Because the Court has determined that substantial evidence supported the ALJ's decision, that she conformed to the relevant legal standards, the Court must **DENY** the relief requested in Claimant's Complaint, Brief, and Reply [Docs. 1, 17, & 23].   42 U.S.C. § 405(g); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Accordingly, the final decision of the agency is **AFFIRMED**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge